# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH MAR, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BETTS COMPANY, a California corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 1:19-cv-00786-LJO-BAM<br><br>**ORDER GRANTING IN PART AND DENYING IN PART THIRD STIPULATION TO CONTINUE THE DEADLINE TO FILE MOTION FOR PRELIMINARY APPROVAL**<br><br>(Doc. No. 10) |

On August 29, 2019, the parties filed a notice of settlement pursuant to Local Rule 160 indicating that class action claims had been settled and requesting a deadline of November 1, 2019, to file a motion for preliminary approval of the settlement. (Doc. No. 4.) On August 30, 2019, the Court set a deadline for the motion of November 1, 2019, as requested by the parties. (Doc. No. 5.) On October 31, 2019, the parties filed a stipulation seeking to extend the deadline to file their motion to December 16, 2019, in order to allow them to finalize a long-form settlement agreement. (Doc. No. 6.) The Court granted the parties' requested extension on November 7, 2019. (Doc. No. 7.) On December 16, 2019, the parties filed a second stipulation to further extend the deadline for a motion for preliminary approval of their settlement. (Doc. No. 8.) The Court granted the parties' second stipulation and extended the deadline to January 31,

1

2020. (Doc. No. 9.) In its order, the Court noted that the parties had failed to set forth the prior extension as required by Local Rule 144(b) and had filed their stipulation for an extension of time on the last day for filing the motion for preliminary approval of their settlement. The Court reminded the parties that Local Rule 144(b) requires requests for extensions of time to set forth the total period of extensions already obtained by the parties as to the particular matters for which the extension is sought. The Court further reminded the parties that, pursuant to Local Rule 144(d), counsel is required to seek to obtain a necessary extension from the Court as soon as the need for an extension becomes apparent and requests for Court-approved extensions brought on the required filing date are looked upon with disfavor. Finally, the Court cautioned the parties that no further extensions of time would be granted in the absence of a demonstrated showing of good cause.

Currently before the Court is the parties' third stipulation, filed on January 31, 2020, to further extend the deadline to file a motion for preliminary approval of the settlement. (Doc. No. 10.) According to the stipulation, the parties "have been working diligently to revise the settlement papers but require additional time to finalize and obtain signatures." The stipulation also represents that "Plaintiff has already prepared drafts of the motion for preliminary approval and provided those to Defendant for its review." The parties request that the deadline to file a motion for preliminary approval of the settlement be continued for thirty days.

The parties once again filed their stipulation on the required filing date for the motion for preliminary approval of their settlement. The stipulation also again fails to set forth all of the prior extensions obtained by the parties. Moreover, the parties have not explained why an additional thirty days is required to "finalize and obtain signatures" and file the motion which Plaintiff has drafted and provided to Defendant or why these tasks could not have been accomplished within the applicable deadline. The Court accordingly finds good cause to partially grant and partially deny the parties' request. *See* L.R. 160(d) ("The Court may, on good cause shown, extend the time for filing . . . dispositional papers.")

Accordingly, IT IS HEREBY ORDERED that the deadline to file a motion for preliminary approval of the parties' settlement is HEREBY CONTINUED to **February 14, 2020.**

No further extensions of time shall be granted in the absence of a demonstrated showing of good cause, which will be narrowly construed. Failure to comply with this order may be grounds for the imposition of sanctions on counsel or parties who contributed to violation of this order. *See* L.R. 160, 272.

IT IS SO ORDERED.

Dated: **February 3, 2020**      /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE