1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH MAR, individually, and on behalf of other members of the general public similarly situated;<br><br>           Plaintiff,<br><br>      vs.<br><br>BETTS COMPANY, a California corporation; and DOES 1 through 100, inclusive,<br><br>           Defendants. | Case No.:  1:19-cv-00786-NONE-BAM<br><br>Honorable Barbara A. McAuliffe<br>Courtroom 8<br><br>**CLASS ACTION**<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT**<br><br>(Doc. No. 13)<br><br>Date:             April 10, 2020<br>Time:             9:00 a.m.<br>Courtroom:     8<br><br>Complaint Filed:   August 20, 2018<br>FAC Filed:         May 7, 2019<br>Trial Date:        None Set |

This matter has come before the above-entitled Court on Plaintiff Joseph Mar's ("Plaintiff") Motion for Preliminary Approval of Class and Collective Action Settlement. Having considered the Motion and the points and authorities and declarations submitted in support of the Motion, including the Class Action and Collective Action Settlement and Release Agreement ("Settlement," "Agreement," or "Settlement Agreement") entered into by and between Plaintiff, on behalf of himself and the proposed Settlement Class and FLSA Members, and Defendant Betts Company ("Defendant"), the Notice of Class Action Settlement ("Class Notice"), and Notice of FLSA Settlement ("FLSA Notice"), and GOOD CAUSE appearing, this Court recommends that the Motion for Preliminary Approval of Class and Collective Action Settlement be GRANTED, subject to the following findings:

1. These Findings and Recommendations incorporate by reference the definitions in the Settlement Agreement, which, together with the exhibits annexed thereto, set forth the terms and conditions for a proposed settlement of the Action, and all terms defined therein shall have the same meaning in these Findings and Recommendations as set forth in the Settlement Agreement.

2. It appears to the Court on a preliminary basis that the Settlement is fair, adequate, and reasonable. It appears to the Court that extensive and costly investigation and research have been conducted such that counsel for the Parties, at this time, are able to reasonably evaluate their respective positions. It further appears to the Court that the Settlement, at this time, will avoid substantial additional costs by all Parties, as well as avoid the delay and risks that would be presented by the further prosecution of the Action. It further appears that the Settlement has been reached as the result of intensive, serious, and non-collusive arms-length negotiations, and was entered into in good faith.

3. The Court preliminarily finds that the Settlement, which provides for a Settlement Fund of Nine Hundred Thousand Dollars ($900,000), appears to be within the range of reasonableness of a settlement that could ultimately be given final approval by this Court. The Settlement Fund includes Settlement Administration Costs, Class Counsel Fees and Costs, Enhancement Payment, Employer Payroll Taxes, and Settlement Payments. The Court has

1 reviewed the monetary recovery that is being granted as part of the Settlement and preliminarily
2 finds that the monetary settlement awards which will be distributed to Participating Class
3 Members and FLSA Members are fair, adequate, and reasonable when balanced against the
4 probable outcome of further litigation relating to liability and damages issues.  The Court hereby
5 recommends preliminarily approval of the Settlement Agreement.

6     4.    For settlement purposes only, the Court recommends conditionally certifying the
7 following Settlement Class:

> With respect to all Class Released Claims, all current and former
> hourly-paid or non-exempt employees who worked for Defendant
> within the State of California at any time during the period from
> August 20, 2014 to the date on which the Court enters a
> Preliminary Approval Order.

    5.    The Court finds that, for settlement purposes only, the Settlement Class meets the requirements for certification under Rule 23 of the Federal Rules of Civil Procedure in that: (1) the Settlement Class is ascertainable and so numerous that joinder of all members of the Settlement Class is impracticable; (2) there are common questions of law and fact, and the questions of law of fact common to Settlement Class Members predominate; (3) Plaintiff's claims are typical of the claims of the members of the Settlement Class; (4) Plaintiff will fairly and adequately protect the interests of the members of the Settlement Class; and (5) a class action is superior to other available methods for the efficient adjudication of the controversy.

    6.    For settlement purposes only, the Court recommends approval of the following FLSA Members:

> With respect to all FLSA Released Claims, all current and former
> hourly-paid or non-exempt employees who worked for Defendant
> within the State of California at any time during the period from
> August 20, 2015 to the date on which the Court enters a
> Preliminary Approval Order.

    7.    The Court finds that Plaintiff Joseph Mar is a suitable representative of the Settlement Class Members and FLSA Members and hereby appoints him as representative for the Settlement Class and FLSA Members conditionally certified by the order adopting these Findings and Recommendations.

    8.    The Court recommends appointing Edwin Aiwazian, Arby Aiwazian, and Joanna Ghosh of Lawyers *for* Justice, PC and Heather Davis and Amir Nayebdadash of Protection Law

1  Group, LLP as counsel for the Settlement Class and FLSA Members, pursuant to Federal Rule of

2  Civil Procedure 23(g).  The Court finds that Class Counsel have demonstrable experience

3  litigating, certifying, and settling class actions, and will serve as adequate counsel for the

4  Settlement Class Members and FLSA Members conditionally certified and approved by the order

5  adopting these Findings and Recommendations.

6        9.     The Court recommends Class Counsel be authorized to act on behalf of

7  Settlement Class Members and FLSA Members with respect to all acts or consents required by,

8  or which may be given pursuant to, the Settlement, and such other acts reasonably necessary to

9  consummate the Settlement.  Any Settlement Class Member or FLSA Member may enter an

10 appearance through counsel of such individual's own choosing and at such individual's own

11 expense.  Any Settlement Class Member or FLSA Member who does not enter an appearance or

12 appear on his or her own will be represented by Class Counsel.

13       10.    The Court recommends appointing Simpluris, Inc. as the Settlement

14 Administrator to administer the Settlement pursuant to the terms of the Settlement Agreement.

15       11.    The Court recommends approving, as to form and content, the Class Notice and

16 FLSA Notice, attached as "**EXHIBIT A**" and "**EXHIBIT B,**" respectively, to the Proposed

17 Order filed on April 16, 2020 (Doc. No. 17) for distribution to the Settlement Class Members

18 and FLSA Members, in accordance with the Settlement Agreement.

19       12.    The Court finds that the proposed plan for distribution of the Class Notice and

20 FLSA Notice (hereinafter, collectively referred to as the "Notice Packet"), substantially in the

21 manner and form as set forth in the Settlement Agreement and these Findings and

22 Recommendations, meet the requirements of Federal Rule of Civil Procedure 23(e) and due

23 process, are the best notice practicable under the circumstances, and shall constitute due and

24 sufficient notice to all persons entitled thereto.  The Court further finds that the Notice Packet

25 appears to fully and accurately inform the Settlement Class Members and FLSA Members of all

26 material elements of the Settlement and how to seek exclusion from the Class Settlement, opt

27 into the FLSA Collective to participate in the FLSA Settlement, or object to the Class

28 Settlement.

13. Within fourteen (14) calendar days from the date of entry of an order adopting these Findings and Recommendations, Defendant shall provide the Settlement Administrator with the Data List, as outlined in the Settlement Agreement. Within fourteen (14) business days of receipt of the Data List from Defendant, the Settlement Administrator shall send a Notice Packet in English, Spanish, and Hmong to each Settlement Class Member and FLSA Member via First-Class U.S. Mail, at his or her last known address.

14. Prior to the initial mailing, Simpluris, Inc. shall perform a search using the National Change of Address database (NCOA) and update the Data List with any newly known or identifiable address changes.

15. The Court recommends preliminarily approving the proposed procedure for Participating Class Members to receive payment of a Class Payment.  Settlement Class Members who do not submit a request for exclusion from the Class Settlement will receive a *pro rata* share of the Net Class Amount.

16. The Court recommends preliminarily approving the proposed procedure for FLSA Members to opt into the FLSA Settlement by cashing, depositing, or otherwise negotiating their FLSA Payment.

17. The Court recommends preliminarily approving the proposed procedure for requesting exclusion from the Class Settlement.  A Class Member who wishes to request exclusion from (or "opt out" of) the Class Settlement must mail or fax a written Request for Exclusion to the Settlement Administrator. The Request for Exclusion must: (1) contain the case name and number of the Action; (2) include a clear statement of intention to be excluded from the Class Settlement; (3) include the full name, address, telephone number, and last four digits of the Social Security Number of the Settlement Class Member requesting exclusion; (4) be signed and dated by the Settlement Class Member; (5) be returned by U.S. Mail to the Settlement Administrator at the specified address in the Class Notice; and (6) be postmarked and submitted to the Settlement Administrator, on or before the date that is forty-five (45) calendar days from the initial mailing of the Notice Packet ("Response Deadline").  In the event of a re-mailed Notice Packet, the Response Deadline will be extended fifteen (15) calendar days. Any

Settlement Class Member who submits a timely and valid Request for Exclusion will not be bound by the terms of the Class Settlement.

18. The Court recommends preliminarily approving the proposed procedure for objecting to the Class Settlement. Only those Settlement Class Members who have not submitted a timely and valid Request for Exclusion ("Participating Class Members"), may object to the Class Settlement by filing with the Court and serving the Settlement Administrator a written statement objecting to the Class Settlement on or before the Response Deadline. An objection to the Class Settlement must be dated, signed, and include: (1) the case name and number of the Action; (2) the Settlement Class Member's name, current address and telephone number; (3) each objection and the basis or reason for each objection; and (4) whether the Settlement Class Member intends to appear at the Final Approval Hearing.

19. The Court recommends that a Final Approval Hearing be set before the Honorable Barbara A. McAuliffe in Courtroom 8 of the United States District Court for the Eastern District of California, at the Robert E. Coyle United States Courthouse, 2500 Tulare Street, Fresno, California 93721, on October 9, 2020, at 9:00 a.m., for findings and recommendations regarding all necessary matters concerning the Settlement, including: whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement is fair, adequate, and reasonable, and should be finally approved by the Court; whether a judgment, as provided in the Settlement, should be entered herein; whether the plan of allocation contained in the Settlement should be approved as fair, adequate, and reasonable to the Settlement Class Members and FLSA Members; and to approve and award Enhancement Payment, Class Counsel Fees and Costs, and Settlement Administration Costs.

20. The Court recommends that all briefs in support of the Settlement, Final Approval, Class Counsel's motion for Enhancement Payment and Class Counsel Fees and Costs, and approval of the Settlement Administration Costs, shall be served and filed with the Court on or before September 11, 2020.

21. As of the date of these Findings and Recommendations, all dates and deadlines associated with the Action shall be stayed, other than those contemplated herein and in the

1 Settlement Agreement, and pertaining to the administration of the Settlement.

2      22.     The Court reserves the right to adjourn or continue the date of the final approval
3 hearing and all dates provided for in the Settlement Agreement without further notice to
4 Settlement Class Members and FLSA Members, and retains jurisdiction to consider all further
5 applications arising out of or connected with the proposed Settlement.

6      These findings and recommendations are submitted to the United States District Judge
7 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen**
8 **(14) days** after being served with these findings and recommendations, Plaintiff may file written
9 objections with the Court. Such a document should be captioned "Objections to Magistrate
10 Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections
11 within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772
12 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir.
13 1991)).

14 IT IS SO ORDERED.

15
16    Dated:   **April 20, 2020**            /s/ *Barbara A. McAuliffe*
                                                UNITED STATES MAGISTRATE JUDGE