UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH MAR, individually, and on behalf of other members of the general public similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>BETTS COMPANY, et al.,<br><br>Defendants. | Case No. 1:19-cv-00786-NONE-BAM<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT**<br><br>(Doc. No. 21) |

On February 15, 2020, Plaintiff Joseph Mar ("Plaintiff"), individually, and on behalf of other members of the general public similarly situated, filed a Motion for Final Approval of Class and Collective Action Settlement. (Doc. No. 21.) The matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A), Local Rule 302, and the Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California. (*See* Doc. No. 11-1.)

The motion came before the Court for hearing on October 16, 2020. Counsel Melissa Heuther appeared by telephone on behalf of Plaintiff. Counsel Amanda Miller appeared by telephone on behalf of Defendant Betts Company ("Defendant"). Having considered the briefing, the arguments of counsel, and the record in this case, the Court will recommend that the motion be granted.

**I.      BACKGROUND**

This is a wage-and-hour case alleging both a collective action under the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA"), and a Federal Rule of Civil Procedure 23 class action as to state law claims. (*See* Doc. No. 1.) Defendant manufactures and supplies springs and

1

heavy-duty truck parts to transportation, automotive aftermarket, and other industrial sectors. (Doc. No. 21-1 at 2.) The operative complaint alleges that Defendant: (1) failed to pay minimum and overtime wages; (2) failed to provide compliant meal and rest periods or pay associated premium payments; (3) failed to timely pay wages upon termination; (4) failed to pay timely wages; (5) failed to provide compliant wage statements; (6) failed to maintain requisite payroll records; and (7) failed to reimburse necessary business-related expenses. (Doc. No. 1 at Ex. B, Doc. No. 21-1 at 3.)

The complaint was originally filed on August 20, 2018, in the Superior Court of California for the County of Fresno. (Doc. No. 1.) The parties participated in a private mediation on March 7, 2019, with Paul Grossman, Esq. (Doc. No. 21-1 at 3.) The matter was removed to this Court on June 4, 2019, and on August 29, 2019, the parties filed a joint notice of settlement. (Doc. Nos. 1, 4.)

The settlement agreement proposes a total payment of $900,000.00 to be allocated as follows: up to $25,000.00 in settlement administration costs; an $8,000.00 enhancement payment to the named plaintiff; attorneys' fees of 35% of the settlement fund; and Plaintiff's counsel's costs not to exceed $15,000.00. (Doc. No. 13-1.) Any denial, modification, or reduction of Plaintiff's counsel's request for fees and costs does not allow Plaintiff, Plaintiff's counsel, or the class or FLSA members to seek to modify or cancel the settlement agreement and any amount requested but not awarded instead reverts to the settlement fund for distribution to participating class and FLSA members. (*Id.*) After subtracting the litigation costs, attorneys' fees, enhancement payment, and settlement administration costs, the remaining settlement fund is to be distributed with 80% allocated to the class settlement and 20% allocated to the FLSA settlement. (*Id.*) Each member of the settlement class and the FLSA collective will be entitled to a pro rata share of the settlement proceeds based on his or her weeks worked. (*Id.*) Class and FLSA payments will be allocated as one-third wages, which will be reported on an IRS Form W-2, and two-thirds non-wage damages, penalties, and interest, which will be reported on an IRS Form-1099. (*Id.*) The class and FLSA payments are subject to reduction for the employee and employer taxes and withholding on the wages portion of the payments. (*Id.*)

On February 15, 2020, the parties filed a motion seeking preliminary approval of the class and collective settlement. (Doc. No. 13.) The Court issued findings and recommendations regarding preliminary approval of the class action settlement on April 20, 2020, and an order adopting the findings and recommendations on May 20, 2020. (Doc. Nos. 18, 20.) By its approval, the Court: (1) preliminarily approved the settlement; (2) provisionally certified the class; (3) recommended approval of the FLSA collective; (4) appointed named plaintiff Joseph Mar as representative for the class and FLSA collective; (5) appointed Edwin Aiwazian, Arby Aiwazian, and Joanna Ghosh of Lawyers *for* Justice, PC and Heather Davis and Amir Nayebdadash of Protection Law Group, LLP as counsel for the class and FLSA collective; (6) approved the Class Notice and FLSA Notice; (7) directed that notice be disseminated pursuant to the terms of the settlement; (8) preliminarily approved the proposed procedure for class members to receive payment, request exclusion, and object to the settlement and for the FLSA members to opt in to the settlement; (9) stayed all non-settlement related proceedings pending final approval of the settlement; and (10) set a final fairness hearing. (*Id.*) The settlement class was defined as: all current and former hourly-paid or non-exempt employees who worked for Defendant within the State of California at any time during the period from August 20, 2014 through May 20, 2020. (*Id.*) The FLSA collective class was defined as: all current and former hourly-paid or non-exempt employees who worked for Defendant within the State of California at any time during the period from August 20, 2015 through May 20, 2020. (*Id.*)

On May 26, 2020, the Settlement Administrator received the Court-approved text for the notice packet from Plaintiff's counsel. (Doc. No. 21-2 at 2.) On June 2, 2020, the Settlement Administrator received a data spreadsheet from Defendant's counsel containing each Class and FLSA Member's full name, last-known address, dates of employment, Social Security number, and number of Work Weeks during the Class Period and FLSA Period. (*Id.*) The data list contained information for 373 individuals identified as class members and 347 individuals identified as FLSA members. (*Id.*) On June 23, 2020, after conducting a National Change of Address search, the Settlement Administrator mailed the notice packet to the Class Members and FLSA Members via First-Class U.S. Mail. (*Id.*) Seventeen notice packets were returned to the

3

1 Settlement Administrator, of which two had forwarding addresses. (*Id.*) The Settlement
2 Administrator performed a skip-trace search on the fifteen notice packets returned undeliverable
3 without forwarding addresses, located twelve updated addresses, and re-mailed the notice packets
4 to the updated addresses. (*Id.* at 2-3.) As of the date of the motion, three notice packets remained
5 undeliverable. (*Id.* at 3.) The Settlement Administrator did not receive any objections or requests
6 for exclusion from any class members. (*Id.*)

7 On September 11, 2020, Plaintiff filed the instant motion for final approval of the class
8 and collective action settlement. (Doc. No. 21.) According to the motion, all 373 class members
9 will be deemed to be participating members who will be paid their portion of the net class
10 settlement amount. (Doc. No. 21-1 at 5.) The net class settlement amount is estimated to be
11 $438,000.00. (Doc. No. 21-1 at 7.) The highest gross class payment is estimated to be $2,714.91,
12 and the average gross class payment is estimated to be $1,174.26. (*Id.*) Additionally, 347 FLSA
13 Members will become participating members if they cash, deposit, or otherwise negotiate their
14 payment. (*Id.*) The net FLSA settlement amount is estimated to be $109,500.00. (*Id.* at 4.) The
15 highest gross FLSA payment is estimated to be $670.17, and the average gross FLSA payment is
16 currently estimated to be $315.56. (*Id.* at 7.)

## II.  LEGAL STANDARD

18 Class actions require court approval prior to settlement. Fed. R. Civ. P. 23(e) ("The
19 claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or
20 compromised only with the court's approval."). A proposed class action settlement may be
21 approved if the Court, after class members have an opportunity to be heard, finds that the
22 settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2); *Rodriguez v. West Publ'g*
23 *Corp.*, 563 F.3d 948, 963 (9th Cir. 2009). The Ninth Circuit has identified a non-exhaustive list of
24 factors that a district court may consider when assessing whether a class action settlement
25 agreement meets this standard: (1) the strength of the plaintiffs' case; (2) the risk, expense,
26 complexity, and likely duration of further litigation; (3) the risk of maintaining class action status
27 throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed,
28 and the stage of the proceedings; (6) the experience and views of counsel; and (7) the reaction of

the class members to the proposed settlement. *Rodriguez,* 563 F.3d at 963.

"[S]ettlements of collective action claims under the FLSA also require court approval." *Nen Thio v. Genji, LLC*, 14 F.Supp.3d 1324, 1333 (N.D. Cal. 2014). The Ninth Circuit has not established criteria for district courts to consider in determining whether a FLSA settlement should be approved. *Dunn v. Teachers Ins. & Annuity Ass'n of Am.*, No. 13-CV-05456-HSG, 2016 WL 153266, at *3 (N.D. Cal. Jan. 13, 2016). However, district courts in this circuit have applied the widely used standard adopted by the Eleventh Circuit, which looks to whether the settlement is a fair and reasonable resolution of a bona fide dispute. *Id.*; *see also Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); *Selk v. Pioneers Mem'l Healthcare Dist.*, 159 F. Supp. 3d 1164, 1172 (S.D. Cal. 2016); *Nen Thio*, 14 F. Supp. 3d at 1333. "A bona fide dispute exists when there are legitimate questions about the existence and extent of Defendant's FLSA liability." *Kerzich v. County of Tuolomne*, 335 F. Supp.3d 1179, 1184 (E.D. Cal. 2018) (quoting *Selk*, 159 F. Supp. 3d at 1172). Once it is established that there is a bona fide dispute, courts often apply the Rule 23 factors for assessing proposed class action settlements when evaluating the fairness of a FLSA settlement, while recognizing that some of those factors do not apply because of the inherent differences between class actions and FLSA actions. *Khanna v. Inter-Con Sec. Sys., Inc.*, No. CIV S-09-2214 KJM GGH, 2013 WL 1193485, at *2 (E.D. Cal. Mar. 22, 2013).

### III.   DISCUSSION

#### A.   Bona Fide Dispute

The operative complaint alleges that Defendant violated the FLSA's overtime and minimum wage provisions. (Doc. No. 1 at Ex. B.) The motion indicates that Defendant and its counsel felt very strongly about Defendant's ability to prevail on the merits and to obtain a denial of class certification, while Plaintiff and his counsel believed that class and collective certification would be obtained and that they would prevail at trial. (Doc. No. 21-1 at 10.) At the hearing on the motion for preliminary approval, counsel for Defendant explained that the parties went through the strengths, weaknesses, and valuation of each claim at mediation. The parties disagreed with each other's respective positions regarding liability and valuation but with the

assistance of the mediator reached a mutually agreeable resolution. As Defendant contested its liability under the FLSA as alleged by Plaintiff, the Court is satisfied that there is a bona fide dispute at issue. *See Castro v. Paragon Industries, Inc.*, No. 1:19-cv-00755-DAD-SKO, 2020 WL 1984240, at *12 (E.D. Cal. Apr. 27, 2020) (bona fide dispute found where defendant contended it had complied with the FLSA's minimum wage and overtime compensation requirements) (and cases cited therein).

     **B.**     **Rule 23 Factors**

          1.     The Strength of Plaintiff's Case

According to the motion, Plaintiff's counsel conducted "significant investigation into the facts of the case" and the parties exchanged documents and data informally. (Doc. No. 21-1 at 9.) The parties then participated in private mediation with Paul Grossman, Esq. (*Id.*) Prior to and during mediation and settlement discussions, the parties exchanged information regarding and discussed the risks and delays of further litigation, the risks of proceeding with certification, the law relating to off-the-cloth theory, meal and rest periods, and wage-and-hour enforcement, the evidence produced and analyzed, the possibility of appeals, and the risk of recovery. (*Id.*) Defendant and its counsel felt very strongly about its ability to prevail on the merits and obtain a denial of class certification, while Plaintiff and his counsel believed that class and collective certification would be successful, and they would prevail at trial. (*Id.*) After investigating the facts of the case, informally exchanging data and documents, settlement negotiations, and with the aid of the mediator's evaluation and proposal, the parties determined that this case was well-suited for settlement in light of the legal issues relating to Plaintiff's principal claims and the costs and risks to the parties. (*Id.* at 10.) Plaintiff contends that the settlement considers the strengths and weaknesses of each side's position and the uncertainty of litigation in light of counsel's investigation in to the facts, analysis of the documents and data produced informally, and research in to the legal issues. (*Id.*)

The Court finds that the factor relating to the strength of Plaintiff's case weighs in favor of approval of the settlement.

          2.     The Risk, Expense, Complexity, and Likely Duration of Further Litigation

6

The motion explains that there were serious litigation risks that could have precluded recovery, including the risks associated with Defendant's vigorous challenges to certifiability and liability. (Doc. No. 21-1 at 11.) Defendant contended that individualized questions of fact predominated over any common issues, and these issues would pose challenges to certification. (*Id.*) Defendant would have argued that Plaintiff's claims were not appropriate for class and/or collective treatment. (*Id.*) On the other hand, Defendant also faced the risk of the Court certifying the action and allowing a jury to decide the claims on a class and/or collective basis. (*Id.*) Additionally, preparation of trial would have been expensive for all parties. (*Id.*) If the case settled after further litigation, the settlement amount would have considered the additional costs incurred and there might have been less money available for the class and FLSA members. (*Id.*) Additionally, the parties were moving in to a phase of litigation where they would have to conduct significant formal discovery and discovery disputes would have certainly arisen, costing additional time and money. (*Id.*) Therefore, according to the motion, settlement provides significant benefits to the class and FLSA members while avoiding further expenses, risks, and delay of prolonged litigation. (*Id.* at 12.) Moreover, it would have been inefficient for the class and FLSA members to bring individual actions and the amount of recovery that could have been obtained would not be significant enough to provide an incentive to sue. (*Id.*)

In light of these circumstances, the Court finds that settlement provides a substantial and immediate benefit to the class and the collective which is "preferable to lengthy and expensive litigation with uncertain results." *Morales v. Stevco, Inc.*, 2011 WL 5511767, at *10 (E.D. Cal. Nov. 10, 2011).

3.      The Amount Offered in Settlement

Plaintiff and Defendant have agreed to settle the underlying class claims in exchange for the gross settlement amount of $900,000.00. According to the amounts provided in the Declaration of Edwin Aiwazian submitted in support of the motion for preliminary approval, the settlement amount is approximately 12% of the maximum potential damages. (*See* Doc. No. 13-1 at 17-19.) At the hearing on the motion for preliminary approval, the Court noted that the amounts described in Mr. Aiwazian's declaration were much larger than the settlement amount

7

and were significantly discounted. Defendant's counsel responded that it thought the case should have been settled for a lot less. Plaintiff's counsel further explained that they set forth a large valuation going in to mediation and the potential valuations were on the higher side. However, Plaintiff's counsel understood proving certification and merits was difficult and the parties felt this was a more realistic number.

"[C]ourts that have approved settlements releasing both FLSA and Rule 23 claims generally do so only when the parties expressly allocate settlement payments to FLSA claims." *See Thompson v. Costco Wholesale Corp.*, 2017 WL 697895, at *8 (S.D. Cal. Feb.22, 2017). Here, 20% of the net settlement funds will be distributed to the FLSA class. At the hearing on the motion for preliminary approval, counsel for Plaintiff represented that they performed a potential valuation with a breakdown for state labor code and FLSA claims. Counsel found the FLSA claims to comprise approximately 23% of the potential value, which led the parties to allocate 20% of the settlement amount to the FLSA collective.

The Court finds that this factor weighs in favor of approval of the settlement.

4.   The Extent of Discovery Completed and the Stage of the Proceedings

The settlement in this case was reached after informal discovery and private mediation. (*See* Doc. No. 21-1 at 9.) Plaintiff's counsel conducted interviews with Plaintiff and other class members, engaged in informal discovery, and reviewed and analyzed "thousands of pages of data and documents" including employment records, sampling of time and pay data, class-wide data regarding the class size, number of workweeks, pay periods, and terminations during the time period at issue, policies, Defendant's Employee Handbook, internal memoranda, various agreements and acknowledgements, and other documents regarding Defendant's employment policies, practices, and procedures. (*Id.* at 8.) Plaintiff contends that this information provided counsel with a critical understanding of the nature of the work performed by the class members and Defendants' written and unwritten policies, practices, and procedures. (*Id.* at 9.) This information was used in analyzing liability and damage issues in connection with all phases of the litigation, and ultimately with the settlement negotiations. (*Id.*) Accordingly, the Court finds that consideration of this factor likewise weighs in favor of approval of the settlement. *See Rodriguez*

8

*v. Danell Custom Harvesting, LLC*, 327 F.R.D. 375, 388 (E.D. Cal. 2018) ("The fact that the parties believe they engaged in sufficient discovery to weigh the merits of the action and engaged the services of a professional mediator in settling the action weighs in favor of approving the class action settlement.")

### 5. The Experience and Views of Counsel

In determining whether a settlement is fair and reasonable, "[t]he opinions of counsel should be given considerable weight both because of counsel's familiarity with th[e] litigation and previous experience with cases." *Larsen v. Trader Joe's Co.*, 2014 WL 3404531, *5 (N.D. Cal. July 11, 2014); *see also Rodriguez*, 327 F.R.D. at 388–89 (accord). Here, Plaintiff's counsel is experienced in prosecuting wage and hour class actions. The motion indicates that Plaintiff's counsel was capable of assessing the strengths and weaknesses of the class members' claims and the benefits of the settlement under the circumstances of this case. (Doc. No. 21-1 at 13.) This factor accordingly weighs in favor of approval of the settlement.

### 6. The Reaction of the Class Members to the Proposed Settlement

The response by the class has been overwhelmingly positive. There are no objections and no opt-outs. The absence of any objections is compelling evidence that the settlement is fair, adequate and reasonable. *Rodriguez*, 327 F.R.D. at 389; *see Bolton v. U.S. Nursing Corp.*, 2013 WL 5700403, at *2, *4 (N.D. Cal. Oct. 18, 2013) (approving settlement where no objections filed, and one of 2,765 class members requested exclusion from settlement).

### 7. Arm's Length Negotiation and the Absence of Collusion

"Where a class action is settled prior to class certification, the Court must also consider whether there is evidence of collusion or other conflicts of interest before approving the settlement." *Rodriguez*, 327 F.R.D. at 389 (citing *In re Bluetooth Headset Products Liability Litigation*, 654 F.3d 935, 946 (9th Cir. 2011)). Examples of signs that a settlement is the product of collusion include "(1) when counsel receive a disproportionate distribution of the settlement, or when the class receives no monetary distribution but class counsel are amply rewarded; (2) when the parties negotiate a 'clear sailing' arrangement providing for the payment of attorneys' fees separate and apart from class funds ...; and (3) when the parties arrange for fees not awarded to

revert to defendants rather than be added to the class fund." *Id.* (quoting *In re Bluetooth*, 654 F.3d at 947).

Here, there is a low possibility of fraud or collusion. Notably, the settlement negotiations were conducted during a mediation with "a well-respected mediator experienced in handling complex wage-and-hour matters." (Doc. No. 21-1 at 9.) Further, there is nothing in the record to suggest that Plaintiff's counsel "allowed the pursuit of their own self-interests . . . to infect the negotiation." *In re Bluetooth Prods. Liab. Litig.*, 654 F.3d at 947. While Plaintiff's counsel is seeking 35% of the common fund in fees, which is higher than the benchmark of 25%, the class is receiving a monetary benefit. Additionally, the settlement agreement provides that any denial, modification, or reduction of Plaintiff's counsel's request for fees and costs does not allow Plaintiff, Plaintiff's counsel, or the class or FLSA members to seek to modify or cancel the settlement agreement. Instead, any amount requested but not awarded shall revert to the settlement fund for distribution to participating class and FLSA members. (Doc. No. 13-1 at Ex. 1 p. 14.) It therefore appears that recovery is not dependent upon or otherwise reduced by the attorneys' fees negotiated as part of the settlement. Moreover, there is no clear sailing arrangement for the payment of attorneys' fees and unclaimed funds do not revert to Defendant.

Upon consideration of the totality of the circumstances, the Court finds that the settlement is the result of an arm's length negotiation and there is no evidence of collusion or other conflicts of interest.

### C. Fee to the Settlement Administrator

The settlement agreement provides for payment of settlement administrative costs up to $25,000.00. (Doc. No. 13-1 at Ex. 1.) The motion requests an award of $14,500.00 to settlement administrator Simpluris, Inc., which is less than the amount previously anticipated. The motion is supported by a declaration from Cassandra Cita, a case manager for Simpluris, Inc., regarding the steps taken to provide notice to the class members. Having considered the motion and Ms. Cita's declaration, the Court finds that the amount sought is reasonable and appropriate and should be approved.

///

## IV.     CONCLUSION AND RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's Motion for Final Approval of Class and Collective Action Settlement (Doc. No. 21.) be GRANTED, subject to the following findings:

1. All terms used herein shall have the same meaning as defined in the Settlement Agreement and Order Granting Preliminary Approval;

2. This Court has jurisdiction over the claims of the Settlement Class Members and FLSA Members asserted in this proceeding and over all parties to the Action;

3. With respect to the Settlement Class and for purposes of approving this Settlement only, this Court finds that: (a) the members of the Settlement Class are ascertainable and so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class, and there is a well-defined community of interest among members of the Settlement Class with respect to the subject matter of the Action; (c) the claims of Plaintiff are typical of the claims of the members of the Settlement Class; (d) a class action is superior to other available methods for an efficient adjudication of this controversy; and (e) the counsel of record for Plaintiff, Lawyers for Justice, PC and Protection Law Group, LLP, are qualified to serve as counsel for the Settlement Class. The Settlement Class is hereby defined to include:

> With respect to all Class Released Claims, all current and former hourly-paid or non-exempt employees who worked for Defendant within the State of California at any time during the period from August 20, 2014 through May 20, 2020.

4. The Court finds that a bona fide dispute between the parties exists with respect to the Fair Labor Standards Act ("FLSA"). For settlement purposes only, the Court approves the following FLSA Members:

> With respect to all FLSA Released Claims, all current and former hourly-paid or non-exempt employees who worked for Defendant within the State of California at any time during the period from August 20, 2015 through May 20, 2020.

5. The Court recommends that Edwin Aiwazian, Arby Aiwazian, and Joanna Ghosh

11

of Lawyers for Justice, PC and Heather Davis and Amir Nayebdadash of Protection Law Group, LLP be confirmed as counsel for the Settlement Class and FLSA Members ("Class Counsel"), and Plaintiff Joseph Betts be confirmed as representative of the Class;

6. The Notice of Class Action Settlement ("Class Notice") and Notice of FLSA Collective Action ("FLSA Notice") (together, "Notice Packet") that were provided to the Settlement Class Members and FLSA Members fully and accurately informed the Settlement Class Members and FLSA Members of all material elements of the Settlement and of their opportunity to participate in, object to or comment thereon, or to seek exclusion from, the settlement and resolution of Class Released Claims ("Class Settlement"); their opportunity to participate in the FLSA Settlement; was the best notice practicable under the circumstances; was valid, due, and sufficient notice to all Settlement Class Members and FLSA Members; and complied fully with due process and other applicable law. The Notice Packet fairly and adequately described the Settlement and provided Settlement Class Members and FLSA Members with adequate instructions and a variety of means to obtain additional information;

7. The Court recommends that final approval of the Settlement be granted and finds that the Settlement is reasonable and adequate, and in the best interests of the Settlement Class and FLSA Members as a whole. More specifically, the Court finds that the Settlement was reached following meaningful discovery and investigation conducted by Class Counsel; that the Settlement is the result of serious, informed, adversarial, and arms-length negotiations between the parties; and that the terms of the Settlement are in all respects fair, adequate, and reasonable. In so finding, the Court has considered all of the evidence presented, including evidence regarding the strength of the Plaintiff's case; the risk, expense, and complexity of the claims presented; the likely duration of further litigation; the amount offered in the Settlement; the extent of investigation and discovery completed; and the experience and views of Class Counsel. The Court has further considered the absence of any objections to the Class Settlement and requests to opt out of the Class Settlement by Settlement Class Members. Accordingly, the Court hereby directs that the Settlement be affected in accordance with the Settlement Agreement and the following terms and conditions;

8. A full opportunity has been afforded to Settlement Class Members to participate in the Final Approval Hearing, and all Settlement Class Members and other persons wishing to be heard have been heard. Settlement Class Members also have had a full and fair opportunity to exclude themselves from the Class Settlement and FLSA Members shall have a full and fair opportunity to opt-in to the settlement and resolution of the Released FLSA Claims ("FLSA Settlement") by cashing, depositing, or otherwise negotiating their FLSA Payment check. Accordingly, the Court recommends that all Class Members who did not submit a timely and valid Request for Exclusion to the Settlement Administrator ("Participating Class Members") be determined to be bound by the Class Settlement, and all FLSA Members who cash, deposit, or otherwise negotiate their FLSA Payment check ("Participating FLSA Members") be determined to be bound by the FLSA Settlement and part of the FLSA Collective;

9. Pursuant to the Settlement Agreement, any denial, modification, or reduction of Plaintiff's counsel's request for fees and costs does not allow Plaintiff, Plaintiff's counsel, or the Class Members or FLSA Members to seek to modify or cancel the Settlement Agreement. Instead, any amount requested but not awarded shall revert to the Settlement Fund for distribution to Participating Class Members and Participating FLSA Members;

10. The Court finds that payment of Settlement Administration Costs in the amount of $14,500 is appropriate for the services performed and costs incurred and to be incurred for the notice and settlement administration process. It is hereby recommended that the Settlement Administrator Simpluris, Inc. be permitted to issue payment to itself in the amount of $14,500, in accordance with the Settlement Agreement;

11. The Court recommends entry of Judgment by which Participating Class Members shall be conclusively determined to have given a release of any and all Class Released Claims against the Released Parties, as set forth in the Settlement Agreement and Class Notice, and all Participating FLSA Members shall release any and all Released FLSA Claims against the Released Parties, as set forth in the Settlement Agreement and FLSA Notice;

12. It is hereby recommended that Defendant be directed to transmit the Settlement Fund to the Settlement Administrator within fourteen (14) business days after the Effective Date,

in accordance with the Settlement Agreement;

13. It is hereby recommended that the Settlement Administrator distribute Class Payments to the Participating Class Members and FLSA Payments to FLSA Members within seven (7) calendar days after the Settlement Fund is received, according to the methodology and terms set forth in the Settlement Agreement;

14. FLSA Members who cash, deposit, or otherwise negotiate their FLSA Payment checks will be deemed to have opted in to and bound by the FLSA Settlement, will be deemed to be Participating FLSA Members, and will release the Released FLSA Claims against the Released Parties;

15. Any and all Settlement Payment checks issued to Participating Class Members and Participating FLSA Members that are not cashed, deposited, or otherwise negotiated within one hundred eighty (180) calendar days from the date of their mailing will be cancelled within ten (10) business days by the Settlement Administrator and the funds associated with such cancelled checks will be transmitted to Boys and Girls Club of Fresno County;

16. After the 180-day check cashing deadline, the Settlement Administrator shall file a declaration with the Court providing a list of all Participating FLSA Members, by name only, as proof of payment and consent on the part of those individuals who opted-in to the FLSA Settlement and FLSA Collective;

17. After entry of an order adopting these findings and recommendations, the Court shall retain jurisdiction to construe, interpret, implement, and enforce the Settlement Agreement and the order adopting these findings and recommendations, to hear and resolve any contested challenge to a claim for settlement benefits, and to supervise and adjudicate any dispute arising from or in connection with the distribution of settlement benefits; and

18. Notice of entry of a final approval order shall be given to the Class Members by posting a copy of the order adopting these findings and recommendations on Simpluris, Inc.'s website for a period of at least sixty (60) calendar days after the date of entry of the order adopting findings and recommendations. Individualized notice is not required.

These findings and recommendations are submitted to the United States District Judge

assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these findings and recommendations, the parties may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 26, 2020**     /s/ *Barbara A. McAuliffe*
                                 UNITED STATES MAGISTRATE JUDGE