1
2
3
4
5
6
7
8
9
10
11
12
13
14

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH MAR, individually, and on behalf of other members of the general public similarly situated;<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>BETTS COMPANY, et al.,<br><br>　　　　Defendants. | Case No. 1:19-cv-00786-NONE-BAM<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR PLAINTIFF'S COUNSEL FEES AND COSTS AND ENHANCEMENT PAYMENT**<br><br>(Doc. No. 22) |

15
16
17
18
19

  On February 15, 2020, Plaintiff Joseph Mar ("Plaintiff"), individually, and on behalf of other members of the general public similarly situated, filed a Motion for Plaintiff's Counsel Fees and Costs and Enhancement Payment. (Doc. No. 22.) The matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A), Local Rule 302, and the Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California. (*See* Doc. No. 11-1.)

20
21
22
23
24

  The motion came before the Court for hearing on October 16, 2020. Counsel Melissa Heuther appeared by telephone on behalf of Plaintiff. Counsel Amanda Miller appeared by telephone on behalf of Defendant Betts Company ("Defendant"). Having considered the briefing, the arguments of counsel, and the record in this case, the Court will recommend that the motion be granted in part and denied in part as follows.

25

**I.  BACKGROUND**

26
27
28

  This is a wage-and-hour case alleging both a collective action under the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA"), and a Federal Rule of Civil Procedure 23 class action as to state law claims. (*See* Doc. No. 1.) Defendant manufactures and supplies springs and

heavy-duty truck parts to transportation, automotive aftermarket, and other industrial sectors. (Doc. No. 21-1 at 2.) The operative complaint alleges that Defendant: (1) failed to pay minimum and overtime wages; (2) failed to provide compliant meal and rest periods or pay associated premium payments; (3) failed to timely pay wages upon termination; (4) failed to pay timely wages; (5) failed to provide compliant wage statements; (6) failed to maintain requisite payroll records; and (7) failed to reimburse necessary business-related expenses. (Doc. No. 1 at Ex. B, Doc. No. 21-1 at 3.)

The complaint was originally filed on August 20, 2018, in the Superior Court of California for the County of Fresno. (Doc. No. 1.) The parties participated in a private mediation on March 7, 2019, with Paul Grossman, Esq. (Doc. No. 21-1 at 3.) The matter was removed to this Court on June 4, 2019, and on August 29, 2019, the parties filed a joint notice of settlement. (Doc. Nos. 1, 4.)

The settlement agreement proposes a total payment of $900,000.00 to be allocated as follows: up to $25,000.00 in settlement administration costs; an $8,000.00 enhancement payment to the named plaintiff; attorneys' fees of 35% of the settlement fund; and Plaintiff's counsel's costs not to exceed $15,000.00. (Doc. No. 13-1.) After subtracting the litigation costs, attorneys' fees, enhancement payment, and settlement administration costs, the remaining settlement fund is to be distributed with 80% allocated to the class settlement and 20% allocated to the FLSA settlement. (*Id.*) Each member of the settlement class and the FLSA collective will be entitled to a pro rata share of the settlement proceeds based on his or her weeks worked. (*Id.*)

On February 15, 2020, the parties filed a motion seeking preliminary approval of the class and collective settlement. (Doc. No. 13.) At the hearing on the motion for preliminary approval, the Court expressed concern regarding the amount of attorneys' fees sought (35% of the fund and above the benchmark) and advised Plaintiff's counsel that the amount requested would need to be substantiated. Plaintiff's counsel indicated that a lodestar crosscheck would be provided, and the Court advised counsel that the crosscheck would need to utilize rates approved in this Division. The Court issued findings and recommendations regarding preliminary approval of the class action settlement on April 20, 2020, and an order adopting the findings and recommendations on

2

1   May 20, 2020. (Doc. Nos. 18, 20.) On September 11, 2020, Plaintiff filed a motion for final

2   approval of the class and collective action settlement. (Doc. No. 21.)

3         Concurrently with the motion for final approval, Plaintiff filed the instant motion seeking

4   an award of attorneys' fees and costs as well as an enhancement payment. (Doc. No. 22.) By the

5   motion, Plaintiff seeks an award of attorneys' fees in the amount of $315,000.00, representing

6   35% of the settlement fund, and reimbursement of litigation costs and expenses in the amount of

7   $15,000.00. (Doc. No. 22-1 at 1.) Plaintiff further seeks an enhancement payment in the amount

8   of $8,000.00. (*Id.*)

9   **II.       LEGAL STANDARD**

10        "In a certified class action, the court may award reasonable attorney's fees and nontaxable

11  costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). Additionally,

12  because FLSA settlements require court approval, payment of attorneys' fees from settlement

13  proceeds is also subject to review by the court. *See Avila v. Los Angeles Police Dep't*, 758 F.3d

14  1096, 1104-05 (9th Cir. 2014) (reviewing an award of attorneys' fees under the FLSA); *Dunn*,

15  2016 WL 153266, at *9 (N.D. Cal. Jan. 13, 2016) ("The Court retains the authority to determine

16  what fees are reasonable [in an FLSA settlement]."); *Selk v. Pioneers Mem'l Healthcare Dist.*,

17  159 F. Supp. 3d 1164, 1180 (S.D. Cal. 2016) ("Where a proposed settlement of FLSA claims

18  includes the payment of attorney's fees, the court must also assess the reasonableness of the fee

19  award.") (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012) ).

20        In the Ninth Circuit, "courts typically calculate 25% of the common fund as the

21  'benchmark' for a reasonable fee award, providing adequate explanation in the record for any

22  'special circumstances' that justify departure." *In re Bluetooth Headset Products Liability*

23  *Litigation*, 654 F.3d 935, 942 (9th Cir. 2011) (citations omitted). The usual range for common

24  fund attorney fees is between 20–30%. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th

25  Cir. 2002).  When applying the percentage of the common fund method in calculating attorney

26  fees, courts use the "lodestar" method as a crosscheck to determine the reasonableness of the fee

27  request. *See Vizcaino*, 290 F.3d at 1050. "Under the lodestar method, the prevailing attorneys are

28  awarded an amount calculated by multiplying the hours they reasonably expended on the

3

1  litigation times their reasonable hourly rates." *Adoma v. Univ. of Phoenix, Inc.*, 913 F. Supp. 2d

2  964, 981 (E.D. Cal. 2012) "This amount may be increased or decreased by a multiplier that

3  reflects any factors not subsumed within the calculation, such as 'the quality of representation, the

4  benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of

5  nonpayment.'" *Id.* Where a lodestar is merely being used as a crosscheck, the court "may use a

6  'rough calculation of the lodestar.'" *Bond v. Ferguson Enters., Inc.*, 2011 WL 2648879, at *12

7  (E.D. Cal. June 30, 2011) (quoting *Fernandez v. Victoria Secret Stores, LLC*, 2008 WL 8150856

8  (C.D. Cal. July 21, 2008)).

9        With respect to costs, "an award of expenses should be limited to typical out-of-pocket

10  expenses that are charged to a fee paying client and should be reasonable and necessary." *In re*

11  *Immune Response Sec. Litig.*, 497 F.Supp.2d 1166, 1177 (S.D. Cal. 2007). Reasonable expenses

12  may be awarded for travel, postage, telephone, fax, notice, online legal research fees, mediation

13  fees, filing fees and photocopies. *Id.*

14        Finally, enhancement payments are to be evaluated individually, and the court should look

15  to factors such as "the actions the plaintiff has taken to protect the interests of the class, the

16  degree to which the class has benefitted from those actions, . . . the amount of time and effort the

17  plaintiff expended in pursuing the litigation . . . and reasonabl[e] fear[s of] workplace retaliation."

18  *Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003) (quoting *Cook v. Niedert*, 142 F.3d 1004,

19  1016 (7th Cir. 1998)).  A service award of $5,000.00 is presumptively reasonable, but courts have

20  awarded higher amounts. *See, e.g., Davis v. Brown Shoe Co., Inc.*, 2015 WL 6697929, at *11

21  (E.D. Cal. Nov. 3, 2015) (approving $7,000.00 incentive award).

22      **III.**    **DISCUSSION**

23      **A.**    **Attorneys' Fees**

24        The settlement in this action has resulted in a common fund of $900,000.00.  Plaintiff's

25  counsel is seeking $315,000.00 in attorney fees, which is 35% of the gross settlement amount.

26  Plaintiff's counsel argues that the 35% fee award is appropriate because Plaintiff agreed to a

27  contingency fee of at least 35% of the recovery and "[o]ne of the best ways to demonstrate the

28  value of counsel's work to the class is to review the consideration agreed to be paid by the named

plaintiff." (Doc. No. 22-1 at 7; Doc. No. 22-3 at 4-5.) Additionally, Plaintiff's counsel contends that the 25% benchmark may be adjusted upward of the percentage recovery would be too small in light of the hours devoted to the case or other relevant factors. (Doc. No. 22-1 at 9.) According to the motion, "[i]n California, attorneys' fees tend to be awarded above the 25% federal benchmark." (Doc. No. 22-1 at 9.) Specifically, Plaintiff's counsel cites to awards in the Central District in the 20%-50% range as well as cases in other districts in the 30%-40% range. (Doc. No. 22-1 at 9.) Citing to *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047-50 (9th Cir. 2002), Plaintiff's counsel further contends that various factors favor adjusting a fee award from the benchmark. (Doc. No. 22-1 at 9-10.)

However, each of the Eastern District cases cited by Plaintiff in support of the argument that fees "tend to be awarded" above the 25% benchmark involved complex legal issues that do not appear to be present in this case. *See Clayton v. Knight Transp.*, 2013 WL 5877213, *8-9 (E.D. Cal. Oct. 30, 2013) (distinguishing higher percentage awards in *Romero v. Producers Dairy Foods, Inc.* 2007 WL 3492841 (E.D. Cal. Nov. 14, 2007); *Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482 (E.D. Cal. 2010); and *Garcia v. Gordon Trucking, Inc.*, 2012 WL 5364575 (E.D. Cal. Oct. 31, 2012). While the factors Plaintiff cites to in the motion may support some increase above the 25% benchmark, they do not establish that a fee award of 35% of the common fund is appropriate here, particularly where there do not appear to be any complex legal issues present, the parties did not engage in significant law and motion practice, and a settlement was reached before the parties conducted any formal discovery.

Plaintiff also provides a lodestar crosscheck in support of the motion. According to the motion, Plaintiff's counsel spent a total of 465.65 hours on this matter. (Doc. No. 22-1 at 1.) This includes 333.80 hours of services performed by lawyers from Lawyers *for* Justice, PC and 131.85 hours of services performed by attorneys from Protection Law Group, LLP. (*Id.* at 15.) The lodestar crosscheck utilizes a rate of $700.00 per hour to Lawyers *for* Justice, PC's 333.80 hours and a rate of $650.00 per hour to Protection Law Group, LLP's 131.85 hours. (*Id.*) Without applying a multiplier, this results in a base lodestar value of $319,362.50. (Doc. No. 22-1 at 15.)

Courts in the Fresno Division have accepted as reasonable for lodestar purposes hourly

5

1   rates of between $370.00 and $495.00 for associates, and between $545.00 and $695.00 for senior

2   counsel and partners. *See Emmons v. Quest Diagnostics Clinical Labs., Inc.*, 2017 WL 749018, at

3   *8 (E.D. Cal. Feb. 27, 2017); *see also Quiroz v. City of Ceres*, 2019 WL 1005071, at *7 (E.D.

4   Cal. Mar. 1, 2019) (same). Although the Court advised Plaintiff's counsel at the hearing on the

5   motion for preliminary approval that any lodestar crosscheck should use rates awarded in this

6   Division, Plaintiff's counsel's lodestar crosscheck uses much higher rates.

7          Moreover, all attorney tasks are grouped with identifying which attorney performed which

8   activity.  The Attorney Task and Time Charts attached to Plaintiff's counsel's declarations do not

9   provide breakdowns of which attorneys performed which tasks. Further, the Court was not

10  provided with the background of each attorney who worked on the matter.  While Plaintiff's

11  counsel provided declarations from Edward Aiwazian and Heather Davis substantiating their own

12  backgrounds and experience, Plaintiff's counsel did not provide any information regarding the

13  background and experience of any other attorneys who worked on this matter. Thus, there is

14  inadequate support for the rates Plaintiff used in calculating the lodestar amount and it is difficult

15  to discern the appropriate rate.

16         The Court finds that Plaintiff has failed to establish that an attorneys' fee award of

17  $315,000.00, representing 35% of the settlement fund, is appropriate in this case. Specifically,

18  Plaintiff has not provided sufficient information to substantiate the hours worked per attorney and

19  the appropriate hourly rates within this Division.[1] Although not exact due to the lack of

20  transparency regarding the number of hours expended by each attorney and their depth of

21  experience, a generously estimated average rate of $600.00 per hour results in a lodestar

22  calculation of $279,390.00, which represents approximately 31% of the common fund. The Court

23  will therefore recommend that Plaintiff's counsel be awarded attorneys' fees in the amount of

24  $270,000.00, representing 30% of the settlement fund. In reaching this recommendation, the

25  Court notes that the settlement agreement provides that any amount of attorneys' fees requested

26  ───────────────────

27  [1]        At the hearing on the motion, Plaintiff's counsel offered to provide supplemental briefing. The Court
    declines further briefing on this issue because the associated delay as well as Plaintiff's failure to carry his burden in
28  the motion. Counsel was fully informed at the preliminary hearing of the Court's concern and on notice of what
    evidence would need to be provided to substantiate the claim for 35% of the fund for attorney's fees.

but not awarded reverts to the settlement fund for distribution to participating class and FLSA collective members. (Doc. No. 13-1 at Ex. 1 p. 14.)

**B.      Costs**

Plaintiff requests an award of $15,000.00 in costs. Plaintiff's counsel explains that this amount includes costs included for postage, filing fees, attorney services, courier services, travel reimbursements, mediation fees, and an expert. (Doc. No. 22-3 at Ex. B; Doc. No. 22-4 at Ex. B.) These costs appear to be reasonable and necessary. Notably, the amount sought is less than the $20,818.93 in total costs and expenses Plaintiff's counsel incurred in the course of this mattter. (*See* Doc. No. 22-1 at 15.) The Court will therefore recommend that costs be awarded to Plaintiff's counsel in the amount of $15,000.00.

**C.      Enhancement Payment**

Plaintiff seeks an enhancement award of $8,000.00 and contends that this amount is reasonable in light of the time and effort that he expended on behalf of the class and FLSA collective members. (*See* Doc. No. 22-1 at 15-17.)

Plaintiff submitted a declaration in support of the motion explaining that he expended a total of approximately fifty-five hours of his time in connection with this case. Specifically, Plaintiff initially sought legal advice about his work experience with Defendant by contacting Lawyers *for* Justice, PC. (Doc. No. 22-2 at 1-2.) Plaintiff investigated complex wage-and-hour lawsuits on his own after speaking with the attorneys and did approximately eight hours of research into the leading class action and employment law firms in California. (*Id.* at 2.) Thereafter, he consulted with the attorneys at Lawyers *for* Justice, PC for seven hours discussion his situation, complex wage-and-hour class and FLSA actions in general, and what it meant to be a named Plaintiff and class and FLSA representative. (*Id.*) Plaintiff spent over nineteen hours meeting with his attorneys regarding the case and fulfilling his responsibilities as class and FLSA representative, including gathering documents concerning his employment, reviewing documents with counsel and answering their questions, answering questions and providing guidance regarding the duties of non-exempt employees, and helping develop a strategy as to what documents and information to obtain from Defendant. Plaintiff routinely checked in with

1  Plaintiff's counsel and their staff to make sure they had his most current information and any

2  additional information he had obtained. (*Id.*) Throughout the case, Plaintiff was available to

3  answer questions and to speak and meet with counsel whenever they needed. (*Id.*) He spent at

4  least fifteen additional hours speaking with his attorneys about the case, identifying potential

5  witnesses, providing counsel with documents and information concerning the case, and describing

6  Defendant's policies, practices, and procedures. (*Id.*) Plaintiff spent approximately three hours

7  reviewing the settlement agreement and three hours asking questions and discussing potential

8  settlement with his attorneys before signing the settlement agreement. (*Id.*) Plaintiff believes that

9  he did everything his attorneys asked of him and tried to represent the class to the best of his

10  ability and he thinks his efforts helped get the result obtained in this case. (*Id.*)

11       In light of the circumstances and the amount of time and effort Plaintiff invested in this

12  matter, the Court finds that the amount sought is reasonable. The Court will therefore recommend

13  that Plaintiff be awarded an enhancement payment of $8,000.00.

14       **IV.**     **CONCLUSION AND RECOMMENDATION**

15       Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's Motion for

16  Plaintiff's Counsel Fees and Costs and Enhancement Payment (Doc. No. 22) be GRANTED IN

17  PART AND DENIED IN PART as follows:

18       1.     The Court finds that the enhancement payment sought is fair and reasonable for

19  the work Plaintiff performed on behalf of the settlement class and FLSA collective members. The

20  Court recommends that the Settlement Administrator be ordered to issue payment in the amount

21  of $8,000.00 to Plaintiff Joseph Mar for his enhancement payment, according to the terms set

22  forth in the Settlement Agreement (Doc. No. 13-1 at Ex. B);

23       2.     The Court finds that an award of attorneys' fees to Plaintiff's counsel in the

24  amount of $270,000.00 falls within the range of reasonableness and the results achieved justify

25  such an award. The Court further finds that this amount is fair, reasonable, and appropriate, and

26  recommends that it be approved. The Court recommends that the Settlement Administrator be

27  ordered to issue payment in the amount of $270,000.00 for attorneys' fees, in accordance with the

28  Settlement Agreement, to Plaintiff's counsel;

3. The Court finds that an award of costs to Plaintiff's counsel in the amount of $15,000.00 is reasonable. The Court recommends that the Settlement Administrator be ordered to issue payment in the amount of $15,000.00 to Plaintiff's counsel for litigation costs and expenses in accordance with the Settlement Agreement;

4. Pursuant to the Settlement Agreement, the Court's denial, modification, or reduction of Plaintiff's counsel's request for fees and costs does not allow Plaintiff, Plaintiff's counsel, or the class or FLSA members to seek to modify or cancel the settlement agreement and the $45,000.00 amount requested but not awarded shall revert to the settlement fund for distribution to participating class and FLSA members; and

5. And notice of entry of an order adopting these findings and recommendations shall be given to class and FLSA collective members by posting a copy of the order on Settlement Administrator Simpluris, Inc.'s website for a period of at least sixty (60) calendar days after the date of entry of the order adopting findings and recommendations. Individualized notice is not required.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these findings and recommendations, the parties may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __October 26, 2020__          ___/s/ Barbara A. McAuliffe___
                                      UNITED STATES MAGISTRATE JUDGE

9