UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH MAR, individually, and on behalf of other members of the general public similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>BETTS COMPANY, et al.,<br><br>Defendants. | No. 1:19-cv-00786-NONE-BAM<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR CLASS COUNSEL FEES AND COSTS AND ENHANCEMENT PAYMENT<br><br>(Doc. Nos. 22, 26) |

On September 11, 2020, Plaintiff Joseph Mar ("plaintiff"), individually, and on behalf of other members of the general public similarly situated, filed a Motion for Class Counsel Fees and Costs and Enhancement Payment. (Doc. No. 22.) This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. (*See* Doc. No. 11.)

On October 26, 2020, the assigned magistrate judge issued findings and recommendations recommending that the Motion for Class Counsel Fees and Costs and Enhancement Payment be granted in part and denied in part. (Doc. No. 26.) The findings and recommendations were served on all parties and contained notice that objections thereto were due within fourteen (14) days. (*Id.*) The time for filing objections has passed and no objections have been filed.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings

1

and recommendations to be supported by the record and proper analysis.  Of particular note, the court agrees with the magistrate judge that Class Counsel did not sufficiently justify the requested fee award of 35% of the settlement fund.  (*Id*. at 4–7.)  Because a 35% award exceeds the 25%-30% benchmark used by the Ninth Circuit to gauge reasonableness, Class Counsel was informed that a lodestar cross-check would be performed by the court using hourly rates approved in this District.  (*See id*. at 2.)  The court agrees with the magistrate judge that, in attempting to substantiate a lodestar cross-check, Class Counsel used hourly rates that generally exceed those approved in this District; attested only generally to the number of hours expended by the two *firms* involved, as opposed to the individual *attorneys*; and failed to provide background on all participating attorneys sufficient to justify any particular hourly rate for their work.  (*See generally* Doc. Nos 22-2–22-4.)  The magistrate judge therefore reduced the fee award to 30%--the upper end of the Ninth Circuit's benchmark range.  (Doc. No. 26 at 6–7); *see Vizcaino v. Microsoft Corp*., 290 F.3d 1043, 1047 (9th Cir. 2002).  This was a reasonable adjustment based on the reasonable assumption that $600.00 per hour rate represented a fair lodestar cross-check hourly rate overall; using the $600.00 per hour figure, the cross-check was approximately 30% of the total settlement fund.

      Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations dated October 26, 2020 (Doc. No. 26), are ADOPTED IN FULL;

2. Plaintiff's Motion for Class Counsel Fees and Costs and Enhancement Payment (Doc. No. 22) is GRANTED IN PART and DENIED IN PART as follows:

    a. The Court finds that the enhancement payment sought is fair and reasonable for the work plaintiff performed on behalf of the settlement class and FLSA collective members.  The Settlement Administrator is ordered to issue payment in the amount of $8,000.00 to Joseph Mar for his enhancement payment, according to the terms set forth in the Settlement Agreement (Doc. No. 13-1 at Ex. B);

    b. The Court finds that an award of attorneys' fees to plaintiff's counsel in the amount of $270,000.00 falls within the range of reasonableness and the results achieved justify

such an award. The Court further finds that this amount is fair, reasonable, and appropriate, and recommends that it be approved. The Settlement Administrator is ordered to issue payment in the amount of $270,000.00 for attorneys' fees, in accordance with the Settlement Agreement, to Plaintiff's counsel;

      c.      The Court finds that an award of costs to plaintiff's counsel in the amount of $15,000.00 is reasonable. The Settlement Administrator is ordered to issue payment in the amount of $15,000.00 to plaintiff's counsel for litigation costs and expenses in accordance with the Settlement Agreement;

      d.      Pursuant to the Settlement Agreement, the Court's denial, modification, or reduction of plaintiff's counsel's request for fees and costs does not allow plaintiff, plaintiff's counsel, or the class or FLSA members to seek to modify or cancel the settlement agreement and the $45,000.00 amount requested but not awarded shall revert to the settlement fund for distribution to participating class and FLSA members; and

      e.      Notice of entry of this Order shall be given to class and FLSA collective members by posting a copy of this order on Settlement Administrator Simpluris, Inc.'s website for a period of at least sixty (60) calendar days after the date of entry of this Order. Individualized notice is not required.

IT IS SO ORDERED.

Dated: **February 14, 2021**                /s/ Dale A. Drozd
                                                    UNITED STATES DISTRICT JUDGE